CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191

amandas@potterhandy.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Schroeder**, | Case No. |
| Plaintiff, | **Complaint for Declaratory and Injunctive Relief and Damages for Violations of**: |
| v. | |
| **The Hertz Corporation**, and Does 1-10, Inclusive, | 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq*.; |
| Defendants. | 2. California's Unruh Civil Rights Act, Cal. Civ. Code §51 *et seq*.; and |
| | 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*. |

## INTRODUCTION

1. Plaintiff William Schroeder ("Plaintiff") brings this lawsuit against The Hertz Corporation and Does 1-10, Inclusive (collectively "Defendants") to challenge Defendants' failure and refusal, as a matter of company policy, to install hand controls on vans and mini-vans in their fleet of rental vehicles for people with disabilities who require hand controls in order to drive.

1

2.     Plaintiff alleges that Defendants' policy violates Title III of the Americans with Disabilities Act, 42 U.S.C. §12182 *et seq.* and related California civil rights statutes.

3.     As a direct and proximate result of Defendants' discriminatory policy, Plaintiff has been, and will continue to be, prevented and deterred from accessing Defendants' rental car services, to his damage.

4.     Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to their rental car services as required by law.

5.     Plaintiff also seeks actual and statutory damages and reasonable attorneys' fees, costs and litigation expenses for enforcing his civil rights.

## PARTIES

6.     Plaintiff William Schroeder is an individual and California resident.

7.     Defendant The Hertz Corporation is a Delaware corporation with its principal place of business in Estero, Florida.

8.     Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

9.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other

2

Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

11.    Defendants car rental activities in the State of California and in this District are substantial, continuous and systematic. Defendants operate hundreds of car rental locations throughout the State, including locations sited within this district. Defendants have minimum contacts with the State of California such that the assertion of personal jurisdiction in this action is both fair and reasonable.

12.    Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*., both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

13.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Defendants due business in this District and Plaintiff's causes of action arose in this district.

**FACTUAL ALLEGATIONS**

14.    Plaintiff is an individual with physical impairments that significantly impair his mobility.

15.    As the result of a spinal injury sustained at birth, Plaintiff is unable to stand unaided or walk, and uses a wheelchair for mobility.

16.    When Plaintiff drives, he requires a vehicle with a sliding side door for ease in stowing his wheelchair.  The only vehicles that provide such a feature are minivans and vans.

17.    Defendants are, and at all times relevant herein were, the owner, operator, lessor, and/or lessee of a number of California-based Hertz car rental facilities, including facilities sited in Sacramento, California.

18.    Hertz rents a wide range of vehicles to members of the public, including a variety of cars, sport-utility vehicles (SUVs), trucks, minivans and vans.

19.    On or about September 20, 2019, Plaintiff called Hertz with the intention of renting a minivan for October 22, 2019 in Sacramento.

20.    Plaintiff informed the Hertz reservation specialist that he wanted to rent a minivan with temporary hand controls installed.

21.    The Hertz reservationist informed Plaintiff that Hertz would not install temporary hand controls on vans or minivans, but that they would install temporary hand controls on SUVs.

22.    When Plaintiff inquired of the reservationist why Hertz would not install temporary hand controls on a minivan, he was simply told that it was Hertz's policy.

23.    As a result of Hertz's policy not to install temporary hand controls on vans or minivans, Plaintiff was unable to make a reservation for a rental vehicle he could use and was forced to take his business elsewhere.

24.    It was Defendants' policy in September 2019 not to install

Complaint

temporary hand controls in rental vans and minivans.

25.   On information and belief, it continues to be Defendants' policy not to install temporary hand controls in rental vans or minivans.

26.   Defendants' policy not to install temporary hand controls in rental vans or minivans caused Plaintiff to experience difficulty, embarrassment, inconvenience, frustration and out of pocket losses.

27.   Defendants control the content of the webpage located at the following web address: https://www.hertz.com/rentacar/reservation/#extras

28.   The installation of temporary hand controls in Defendants' rental vans and/or minivans would not cause Defendants an undue financial or administrative burden.

29.   The installation of temporary hand controls in Defendants' rental vans and/or minivans would not result in a fundamental alteration of the nature of Defendants' car rental services.

30.   Plaintiff plans to rent vans and minivans from Defendants in the future, once Defendants modify their discriminatory policy not to install temporary hand controls in such vehicles.

31.   Until Defendants modify their discriminatory policies and practices, Plaintiff will continue to be denied full and equal access to Defendants' car rental services.

32.   The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

Complaint

# FIRST CAUSE OF ACTION

## Title II of the Americans with Disabilities Act

## 42 U.S.C. §§ 12131 et seq.

33.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

34.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

35.     Plaintiff is a person with physical impairments resulting from a spinal injury that substantially limits his mobility. Plaintiff is a person with a "disability" as that term is defined by the ADA.  42 U.S.C. § 12102(1).

36.     Among the "private entities" which are considered "public accommodations" for purposes of this title are rental establishments. 42 U.S.C. § 12181(7)(E).

37.     Defendants are private entities.

38.     Defendants own and operate Hertz, a car rental establishment specializing in the rental of a wide range of vehicles.

39.     Defendants' acts and omissions, as herein alleged, have violated Title III of the ADA. Defendants' discriminatory conduct includes, *inter alia*:

      a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability (42 U.S.C. § 12182(b)(1)(A)(i));

      b. Utilizing methods of administration that have the effect of

subjecting Plaintiff to discrimination on the basis of his disability (42 U.S.C. § 12182(b)(1)(D));

c. Imposing and/or applying eligibility criteria that screen out or tend to screen out individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(A)(i));

d. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. § 12182(b)(2)(A)(ii)); and

e. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The installation of vehicle hand controls is an example of readily achievable barrier removal contained in the Department of Justice's Title II regulations. 28 CFR § 36.304(b)(21).

40. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## California Civil Code §§ 51 et seq.

41. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

7

42.     The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

43.     A violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

44.     Plaintiff is a person with physical impairments that limit his mobility and is therefore a person with a "physical disability" as that term is defined by California law.  Cal. Gov. Code § 12926(m).

45.     Hertz is a business establishment as contemplated by the Unruh Act. Defendants, the owners and operators of Hertz, are obligated to operate Hertz in compliance with the Act's provisions.

46.     Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services of Hertz.

47.     Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs' right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

48.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

49.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

**California Disabled Persons Act**

**California Civil Code §§ 54.1 et seq.**

(*Statutory damages and attorneys' fees only*)

50.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

51.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ..., and privileges of all ... motor vehicles, ... or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), ..., places of public accommodation, ... and other places to which the general public is invited...." Cal. Civ. Code § 54.1(a).

52.     A violation of the ADA is also a violation of the CDPA.  See Cal. Civ. Code, § 54.1(d).

53.     Hertz rents motor vehicles to members of the public and is a place of public accommodation and/or other place to which the general public is invited, subject to the CDPA.

54.     Defendants have violated the CDPA by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the services and facilities of Hertz.

55.     Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

56.     Defendants' duties under the CDPA are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are

warranted.

57.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

# PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act ordering Defendants to:

    a. Modify their policies and practices to provide for the installation of temporary hand controls on rental vans and minivans when necessary for a person with a disability;

    b. Modify their policies to conform to the requirements of the ADA and Unruh Act; and

    c. Train their public-facing staff on the rights of individuals with disabilities under the ADA and Unruh Act and the policies modified pursuant to "a" and "b" above;

***Note***: *Plaintiff is not invoking section 55 of the California Civil Code and is* <u>*not*</u> *seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff other general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Complaint

1

2   Dated:  November 11, 2019        CENTER FOR DISABILITY ACCESS

3

4

5                                    By:_____

6                                       Amanda Seabock, Esq.
                                        Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint